# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CORY ALLEN HEWITT,**
        **Plaintiff,**

    **v.**                               **Case No. 16-C-1481**

**SUSAN NYGEN, et al.**
        **Defendants.**

---

## DECISION AND ORDER

Cory Hewitt was in the custody of the Wisconsin Department of Corrections until about March 2010. After his release, he commenced this action against a number of individuals who were responsible for his medical care while he was in prison. He alleges that he contracted MRSA (Methicillin-resistant *Staphylococcus aureus*) from his cellmate and that the defendants did not properly diagnose and treat him. He seeks damages, under 42 U.S.C. § 1983, for the pain he experienced while he suffered from the condition. Before me now is the defendants' motion for summary judgment.[1]

---

[1] Technically, only four of the nineteen defendants have moved for summary judgment. These are the only defendants who were served with process. The reason that the remaining fifteen defendants were never served is that the plaintiff did not add them to this suit until he filed his amended complaint. After the plaintiff filed his original complaint—but before he filed the amended complaint—I granted the plaintiff's motion to proceed *in forma pauperis* and, pursuant to Federal Rule of Civil Procedure 4(c)(3), ordered the U.S. Marshals Service to complete service on the original four defendants. When the plaintiff filed his amended complaint (which he did without leave of court) no one noticed that it added new defendants. Thus, these new defendants were never served. However, the plaintiffs' claims against the absent defendants are in all material respects the same as his claims against the present defendants, and so my analysis of his claims against the present defendants applies with equal force to his claims against the absent defendants.

# I. FACTS

The plaintiff alleges that, in September 2007, his cellmate was diagnosed with MRSA. He alleges that defendant Lisa Baker, a nurse at Racine Correctional Institution, failed to quarantine his cellmate. The plaintiff believes that he was exposed to MRSA by his cellmate and became infected. The plaintiff alleges that the infection caused a painful area in his left armpit. As far as the record in this case reveals, the plaintiff was never diagnosed with MRSA. However, it seems to be undisputed that the plaintiff had some form of infection in his left armpit, for which he received treatment while he was in prison.

The plaintiff alleges that he suffered from the armpit infection until March 2010. (Am. Compl. at p. 9.) He alleges that, between November 2007 and March 2010, the defendants failed to properly treat his infection, and that their improper treatment rose to the level of deliberate indifference, in violation of the Eighth Amendment.

In 2010, the plaintiff filed a civil action in state court in Dane County, Wisconsin, based on the same events as the present case. He alleged in that suit that he did not receive proper medical care for his armpit infection. Many of the defendants in this case were also defendants in the Dane County case. On October 7, 2011, the trial court granted the defendants' motion for summary judgment, finding, among other things, that the defendants were not deliberately indifferent to the plaintiff's medical condition. The plaintiff appealed, but the Wisconsin Court of Appeals affirmed. The plaintiff sought review by the Wisconsin Supreme Court, but his petition for review was denied.

The plaintiff filed his complaint in federal court on November 4, 2016. He re-alleges the same claims for deliberate indifference that he alleged in the Dane County

action and adds a new claim for denial of access to the courts.  This, however, is not a traditional claim for denial of access to the courts, for the plaintiff does not allege that prison officials prevented him from filing documents with the court or otherwise hindered his access to the courts while he was in prison.  Rather, the plaintiff alleges that the defendants generated false evidence that the Dane County court relied on when granting their motion for summary judgment.  Although the plaintiff's allegations on this point are unclear, he seems to be alleging that the defendants generated false lab reports showing that he did not have MRSA.  (Am. Compl. at p. 10, ¶ 5.)

The defendants move for summary judgment.  They argue that the plaintiff's deliberate-indifference claims are barred by both the statute of limitations and claim preclusion (also known as *res judicata*).  They also argue that the plaintiff's allegations concerning the lab reports are baseless.

## II. DISCUSSION

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When considering a motion for summary judgment, I take evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

### A.    Deliberate Indifference

The defendants argue that the plaintiff's deliberate-indifference claims are barred by the statute of limitations and claim preclusion.  I begin with the statute of limitations. Federal courts adjudicating claims under 42 U.S.C. § 1983 borrow the applicable state-

law statute of limitations governing personal-injury suits. *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). Here, Wisconsin law applies, and the relevant limitations period is six years. *Id.* at 542.

The plaintiff's deliberate-indifference claims are based on injuries sustained between September 2007 and March 2010. (Am. Compl. at p. 9.) The claims thus accrued no later than March 31, 2010. But the plaintiff did not commence this suit until November 4, 2016, more than six years later. Still, the plaintiff filed the Dane County action in 2010, and that case was pending for about three years. Under Wisconsin law, the limitations period for a claim is tolled for the time in which an action concerning that very claim is pending. *See* Wis. Stat. § 893.13. If we subtract the three years in which the Dane County action was pending from the limitations period, the present suit would be timely. But it would be timely only as to the defendants who were actually defendants in the Dane County suit. This is so because the plaintiff did not "commence" an action against the individuals who were not defendants in the Dane County action, s*ee* Wis. Stat. § 893.02, and thus he could not use the tolling statute to save his claims against those defendants.

Comparing the amended complaint in this case to the complaint filed in Dane County (which is in the record at ECF No. 26-2, beginning on ECF page 11), I find that the defendants in the present case who were not also defendants in the Dane County case are the following: Linda Karaszewski, the defendant identified only as "Scherricks," Ms. Demars, Jean Carlson, Diane Swiers, and the defendants identified as John or Jane Does. The plaintiff's deliberate-indifference claims against these defendants are dismissed on the ground that they are barred by the statute of limitations.

Although the plaintiff's claims against the remaining defendants are not barred by the statute of limitations, they are barred by claim preclusion, which prevents a party from re-litigating a claim that was adjudicated on the merits in a prior suit. Here, the judgment having preclusive effect—the judgment in the Dane County case—was rendered by a Wisconsin court. Thus, Wisconsin's law of claim preclusion applies. *See, e.g., Baek v. Clausen*, 886 F.3d 652, 660 (7th Cir. 2018). Under Wisconsin law, claim preclusion bars a claim when the following three factors are present: (1) the parties or their privies in the prior and present suits are identical; (2) the prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) the causes of action asserted in the two suits are identical. *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis. 2d 212, 233–34 (1999). Here, all three factors are present, and therefore claim preclusion applies.

In his claim alleging denial of access to the courts, the plaintiff contends that at least some defendants generated false lab reports for use in the Dane County litigation. If this allegation were true, and if the Dane County court relied on the false lab reports in granting summary judgment to the defendants, then the Dane County judgment might not have preclusive effect. *See State v. Canon*, 241 Wis.2d 164, 179 (2001) (noting the existence of a body of authority concluding that "the concepts of res judicata and collateral estoppel do not apply to a judgment procured by fraud or perjury"). However, as discussed in more detail below, the plaintiff has not produced any evidence of fraud whatsoever. Therefore, I will give preclusive effect to the Dane County judgment.

In short, any deliberate-indifference claims against the defendants who were not parties to the Dane County action are barred by the statute of limitations, and any such

claims against the defendants who were parties to that action are barred by claim preclusion.

**B.     Denial of Access to the Courts**

As noted, the plaintiff also alleges that some defendants generated false lab reports showing that he did not have MRSA.  He contends that this gives rise to a claim under § 1983 for denial of access to the courts.  But the plaintiff's allegations do not state a claim for denial of access to the courts.  A valid claim for denial of access to the courts alleges that prison officials interfered with an inmate's ability to prosecute or defend a case by doing things like denying access to a law library or refusing to mail legal pleadings.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  Here, the plaintiff was not even imprisoned at the time he commenced and prosecuted the Dane County action, and thus the defendants could not have impeded his access to the courts.  Accordingly, the defendants are entitled to summary judgment on this claim.

But as suggested above, the plaintiff's allegations of fraud might be construed as an allegation that the Dane County judgment should not be afforded preclusive effect.  And fraud is generally regarded as a ground for setting aside a judgment.  *See* Fed. R. Civ. P. 60(b)(3); Wis. Stat. § 806.07(1)(c).  However, a plaintiff alleging that a prior judgment should be set aside because of fabricated evidence must support his allegations with clear and convincing evidence.  *See* Restatement (Second) of Judgments § 70 cmt. d (Am. Law Inst. 1982).  Here, the plaintiff has no evidence of fraud at all.  The plaintiff merely alleges that the lab reports were fabricated.  Moreover, it is clear that the Dane County court would have granted the defendants' motion for

summary judgment even if the allegedly fabricated lab reports had not been part of the record. The reports would have been relevant only to the question of whether the plaintiff had MRSA. But in addition to finding that the plaintiff did not have MRSA, the court found that the defendants had provided the plaintiff with proper medical care for whatever was wrong with his armpit. *See* Dane County Opinion at 2, ECF No. 26-3. Thus, the Dane County judgment cannot be set aside or denied preclusive effect because of fraud.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion for summary judgment is **GRANTED**. Because the defendants' motion for summary judgment shows that the unserved defendants are also entitled to summary judgment, I will enter summary judgment on all claims and direct the Clerk of Court to enter final judgment.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2018.


s/Lynn Adelman
LYNN ADELMAN
District Judge